UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

WILLIAM DIGIANNI,

                Plaintiff,

      -against-

PEARSON, INC.,

                Defendant.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

10 CV 4470 (RJD) (LB)

DEARIE, Chief Judge.

      Plaintiff has filed a tidal wave of employment discrimination actions in this Court against public and private entities alike.[1] On September 30, 2010, plaintiff filed the instant fee paid *pro se* complaint alleging retaliation pursuant to Titles V and VII of the Civil Rights Act of 1964. By Order dated October 29, 2010, the Court directed plaintiff to show cause within thirty (30) days why this action should not be dismissed. Having reviewed plaintiff's affirmation,

---

[1] See, e.g., DiGianni v. Nat'l Evaluation Sys. Inc., 05 CV 4983 (ERK) (dismissed by Order dated July 16, 2007); DiGianni v. Spitzer, 05 CV 5408 (ERK) (dismissed by Order dated July 31, 2006); DiGianni v. Bloomberg, 06 CV 392 (ERK) (dismissed by Order dated December 12, 2007); DiGianni v. N.Y. State Dep't of Educ., 08 CV 762 (RJD) (dismissed by Order dated October 8, 2009; mandamus petition denied as moot on December 16, 2009); DiGianni v. N.Y. State Dep't of Educ., 08 CV 923 (RJD) (consolidated with prior action); DiGianni v. AIG, 08 CV 4355 (RJD) (dismissed by Order dated March 31, 2010; plaintiff warned that sanctions may be forthcoming); DiGianni v. Orrick, Herrington & Sutcliffe, LLP, 09 CV 3653 (RJD) (dismissed as frivolous by Order dated September 30, 2009; plaintiff warned that he may be barred from future filings without first seeking leave); DiGianni v. N.Y. State Dep't of Educ., 09 CV 4941 (RJD) (dismissed by Order dated February 4, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. Pearson, 10 CV 206 (RJD) (dismissed by Order dated May 14, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. AIG, 10 CV 1359 (RJD) (dismissed by order dated May 13, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. N.Y. City Dep't of Educ., 10 CV 1538 (RJD) (dismissed by Order dated May 27, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. New York City, 10 CV 2008 (RJD) (dismissed by Order dated June 1, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. Bally's Total Fitness, 10 CV 2745 (RJD) (dismissed by Order dated November 12, 2010, for plaintiff's failure to pay the filing fee).

dated November 8, 2010, the Court dismisses plaintiff's complaint as frivolous.

## Discussion

An action is frivolous where it is "based on an indisputably meritless legal theory," meaning that the action "lacks an arguable basis in law" or that "a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998); see also Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) ("[D]istrict courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.")

Plaintiff's affirmation is bereft of a single factual or legal argument that approaches this threshold. Much of the submission is nonsensical. For example, plaintiff writes that "Pearson, Inc., should be ordered by this court to stop wasting the court's time and talk SETTLEMENT with me. SETTLEMENT talks if LITIGATION 101. This Court is tired of Pearson's actions against me." Aff. at 2.

As previously noted, plaintiff's complaint is derivative of a previously filed action alleging retaliation by the same defendant. See DiGianni v. Pearson, 09 CV 5275 (RJD).[2] In that action, Judge Bloom filed a Report and Recommendation, dated July 22, 2010, recommending that plaintiff's case be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for improper service, as plaintiff failed to establish that the individual served with the summons and complaint (Mr. T. Daulton) was authorized to accept service on behalf of the

---

[2] Additionally, plaintiff has a third employment discrimination action against the same defendant pending in this Court. See DiGianni v. Pearson, 09 CV 1760 (RJD).

defendant corporation.[3] In his affirmation, plaintiff claims that the circumstances surrounding this attempted service of process constitute <u>further</u> retaliation:

> The adverse action I complain about in the instant case was their using Mister T. Daulton, whether as a third party or as Pearson's Facility Director, under the guise of being an individual authorized by Pearson to accept service of Summons and Complaint on 09-cv-5275, to prevent me from litigating against them in federal court.

Aff. at 2. In addition, plaintiff argues that the present case "could only be frivolous if Mister T. Daulton was and is factually an authorized individual on behalf of Pearson to accept Service of Summons and Complaint." Id. The Court disagrees.

Further, in his affirmation and in a letter dated November 2, 2010, plaintiff makes a series of statements that can be construed as menacing. For example, plaintiff writes that "Marbury is long dead. You have no Constitutional Right to make Law. You have no Constitutional right to re-write the Federal Rules of Civil Procedure, either. " Aff. at 2-3. Plaintiff also repeatedly threatens this Court with impeachment, or worse, with statements like: "Don't get me wrong. I challenge you, your Honor, to end your career by making such an unconstitutional ORDER." 11/2/10 Ltr. at 2.

## **Warning**

Plaintiff again demonstrates that neither his lack of success with prior filings nor this Court's previous warnings will dampen his spirit for litigation. District Courts, however, "have the power and the responsibility to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless

---

[3] On August 2, 2010, plaintiff filed objections to the Report and Recommendation. A decision is pending.

expense to [others] and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted); see also Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (authorizing injunctions on filing by plaintiffs who "persist[] in pursuing the same meritless claims").

By Order dated October 15, 2010, the Court enjoined plaintiff from filing any new *in forma pauperis* complaint without prior permission. See DiGianni v. City Univ., 10 CV 2568 (RJD); DiGianni v. Orrick, Herrington & Sutcliffe, LLP, 10 CV 2748 (RJD); DiGianni v. Peopleclick, 10 CV 2749 (RJD). Plaintiff is once again warned that, if he continues to abuse the judicial system, the Court may extend this bar even to fee paid cases, or impose other costly and significant sanctions. See Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotation marks omitted)); In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993) ("[C]ourts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities.").

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed as frivolous. Although plaintiff has paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                   s/ Judge Raymond J. Dearie

                                                   RAYMOND J. DEARIE
                                                   United States District Judge

Dated: Brooklyn, New York
         December ___, 2010